UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINA MILIANO,<br><br>    *Plaintiff,*<br>v.<br><br>CANON U.S.A., INC. d/b/a CANON BUSINESS PROCESS SERVICE, INC.,<br><br>    *Defendants.* | 3:22-cv-01373 (PGS)<br><br>MEMORANDUM AND ORDER DENYING MOTION TO COMPEL ARBITRATION WITHOUT PREJUDICE AND ORDERING DISCOVERY<br>(ECF 9) |

This matter is before the Court on a motion to dismiss and to compel arbitration. (ECF 9). Oral argument was heard on December 7, 2022. The Court has jurisdiction pursuant to 28 U.S.C. § 1331, which provides "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

This case arises from an employment dispute between Plaintiff, Christina Miliano and Defendant Canon U.S.A., Inc. d/b/a Canon Business Process Service, Inc. ("Canon"). Initially, Plaintiff filed an administrative complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation. (ECF No. 1 at ¶ 13), and the EEOC declined to prosecute the matter and notified Plaintiff of her right to file a law suit. *Id.* at ¶ 15.

On March 14, 2022, Plaintiff filed a lawsuit in this Court alleging violations of the ADA (Count I), the New Jersey Law Against Discrimination ("NJLAD"),

1

N.J.S.A. 10:5-1, *et seq.* (Count II), and retaliation under each statute (Counts III and IV) (ECF No. 1). Defendant seeks to compel arbitration pursuant to an Arbitration Agreement between Miliano and Canon. Plaintiff disagrees because Miliano never mutually assented to the Arbitration Agreement when she electronically signed it. (ECF No. 10-3 at 2).

I.

In the very beginning of January, 2021, Canon forwarded to its employees, including Plaintiff, an email directing them to review forms, including the 2021 Handbook Acknowledgement and an Arbitration Agreement. (ECF No. 9-2 at ¶4). In that email, each employee was required to review and sign the Arbitration Agreement by February 8, 2021. (ECF No. 13-1 at ¶4). According to Miliano, if an employee did not electronically sign the Arbitration Agreement, the employee was subject to termination. (ECF No.10-4 at ¶12). The Arbitration Agreement was a three page document backdating its effective date to July, 2020. It provides that an employee and Canon must arbitrate "claims or disputes that could otherwise be raised in court that arise out of or relate to employee's association or employment relationship" along with other arbitration requirements.

On January 4, 2021, Plaintiff viewed the Arbitration Agreement on Canon's OneSource platform (Defendant's internet site for employee resources). (ECF No.

2

9-2 at ¶5). OneSource is accessible by logging in with a unique employee identification number and password. *Id.* at ¶6.

As noted above, each employee was required to electronically sign the Arbitration Agreement, which occurs when (a) the employee opened the Agreement, (b) scrolled through the document and (c) clicked a box. *Id.* at ¶7. Plaintiff electronically signed the Arbitration Agreement on January 4, 2021 at 4:21 p.m. (ECF 9-2 at 2).

Presently, Plaintiff alleges that she did not assent to the Arbitration Agreement at the time of signing for several reasons. First, she was forewarned that failure to sign the Arbitration Agreement would be considered a reason for dismissal from her job. (ECF No.10-4 at ¶12). Second, when Miliano logged onto the OneSource website to access her personal information, she was blocked from accessing her benefits because she had not signed the Agreement. (*Id.* at ¶10-11). Third, the Arbitration Agreement could not be printed, thereby preventing a thorough and thoughtful review, and she could not print a copy to discuss it with an attorney. *Id.* at ¶¶16-17. As such, Plaintiff claims Canon barred her from a reasonable review of the Arbitration Agreement with an attorney who could explain the context of same. *Id.* at ¶¶ 17-19.

To the contrary, Canon alleges that Plaintiff could have received a copy of the Arbitration Agreement by contacting Human Resources, or through accessing

3

Canon's benefit portal ("benefitfocus"). In other words, there were alternative methods to obtain a copy of the Arbitration Agreement. Canon argues these alternatives overcome duress or unfairness in the process as alleged by Miliano. *Id.* at 8-9. From January 4, 2021 through the date of her termination, Plaintiff never complained about the procedural process of signing the Arbitration Agreement.

In March 2021, Plaintiff was diagnosed with Prinzmental's Angina wherein the supply of blood to the heart is restricted due to a spasm in the coronary arteries. *Id* at ¶23. At that time, Plaintiff requested three days leave to undergo a cardiac procedure. *Id* at ¶25. In April, 2021, Plaintiff allegedly learned and notified her supervisor, Kathy Jones, that her angina attacks were triggered by stress. *Id* at ¶26.

Plaintiff sought medical treatment for depression and generalized anxiety disorder. *Id* at ¶27. Plaintiff's physician advised her to discontinue working for two months in order to alleviate her anxiety, and to comfortably adjust to anxiety medication. *Id* at ¶29. From May 5, 2021 through July 5, 2021 Plaintiff was on leave. *Id* at ¶31. Thereafter, Canon extended Plaintiff's leave until August 27, 2021, which was about ten days less than her doctor prescribed. Around that time, the doctor forwarded another report recommending an extension of Milano's medical leave through November 8, 2021 noting that it was a reasonable accommodation for her disabilities. *Id* at ¶¶33-35. Rather than adopting the doctor's recommendation, Canon approved an extension of leave until September

7, 2021, and advised Plaintiff that if she did not return on that date, she would be terminated. *Id* at ¶¶36-38. On that date, Canon fired Plaintiff for "job abandonment." *Id* at ¶41.

II.

Generally, the Third Circuit has applied the summary judgment (Rule 56) standard when the complaint and its supporting documents are unclear regarding the agreement to arbitrate; or if the plaintiff has responded with additional facts sufficient to place the agreement to arbitrate in issue. Ordinarily, as part of the summary judgment process, "the parties should be entitled to discovery on the question . . . ." *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (2013) (citing *Somerset Consulting, LLC v. United Capital Lenders, LLC*, 832 F.Supp.2d 474, 482 (E.D.Pa.2011). After limited discovery, the court may entertain a renewed motion to compel arbitration, this time under a summary judgment standard. *Id.* Here, the parties have submitted additional documents beyond the complaint and conflicting declarations of Dana Hering and Christina Miliano to determine whether mutual assent was established; but no discovery has been undertaken.

Generally, New Jersey law requires that "[a]n agreement to arbitrate, like any other contract, must be the product of mutual assent, as determined under customary principles of contract law." *Atalese v. U.S. Legal Servs. Grp., L.P.*, 219

5

N.J. 430, 442 (2014). "Mutual assent requires that the parties have an understanding of the terms to which they have agreed." *Id*. Mutual assent is manifested by "unqualified acceptance," which can be express or implied by conduct. *Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 435 (N.J. 1992). Since "arbitration involves a waiver of the right to pursue a case in a judicial forum, courts take particular care in assuring the knowing assent of both parties to arbitrate, and a clear mutual understanding of the ramifications of that assent." *Atalese* at 430 (internal quotation marks and citation omitted).

### III.

In this case, limited discovery is appropriate as there are disputes of fact between the parties. The Complaint does not refer to the Arbitration Agreement, and Plaintiff alleges additional facts disclaiming her alleged assent. For example, Miliano avers that Canon did not provide a method to obtain a copy of the Arbitration Agreement, failed to provide sufficient time to seek legal advice, and unilaterally denied access to her benefits until she executed the Arbitration Agreement. Canon does not dispute that access to OneSource was blocked until the Arbitration Agreement was signed, but the remainder of Plaintiff's allegations are insufficient because there were other reasonable means to access the Arbitration Agreement.

Here, limited discovery should be conducted in order to line-up the arbitrability issue for determination.

### ORDER

For the reasons set forth above, and for good cause having been shown;

**IT IS** on this 25th day of January, 2023,

**ORDERED** that Defendant's motion to compel arbitration (ECF No. 9) is premature and **DENIED without prejudice**[1]; and it is further;

**ORDERED** that limited discovery on the issue of arbitrability shall be managed under the supervision of Magistrate Judge Bongiovanni.

*(signature)*
PETER G. SHERIDAN, U.S.D.J.

---

[1] The parties may refile a motion to compel arbitration or seek a hearing after limited discovery is completed.